IRVING J. COWAN, Plaintiff, *v.* CITY OF BUFFALO and Others, Defendants.

Supreme Court, Erie County, October 30, 1935.

*Eli Roth* [*Guy B. Moore* of counsel], for the plaintiff.

*Gregory U. Harmon* [*Charles S. McDonough* of counsel], for the defendants.

HORTON, J. Plaintiff has brought this action to restrain defendants from enforcing an ordinance enacted by the common council of the city of Buffalo on June 11, 1935, making it unlawful to operate so-called open-air markets on Sunday or on week days before five o'clock A. M. or after seven o'clock P. M. except that on Saturday or any day preceding a legal holiday they may be operated until ten o'clock P. M., and imposing a fine or penalty of $250 for each violation of the ordinance. (Ordinances of the City of Buffalo, chap. 25, § 159-E.) Plaintiff alleges that he has a substantial investment in such a market; that he was arrested by a police officer on July eleventh (a week day), and he seeks an injunction restraining the defendants from prosecuting the action in which he was arrested and from taking any other steps to enforce the ordinance during the pendency of this action. He urges as ground for this relief that the ordinance is unconstitutional in that it is an unreasonable and unlawful interference by government with private business;

that it is discriminatory in that it applies only to open-air markets and not to grocers and other markets; and that he has no other adequate remedy at law.

The court believes that the ordinance is invalid, not only because it is discriminatory as claimed by plaintiff, but also because it is an arbitrary interference with private business which is not connected with a public use and which does not involve the health, morals or safety of the community. It seems unnecessary to cite more authorities than *New State Ice Co.* v. *Liebmann* (285 U. S. 262) in support of this view. In that case the court said (at p. 277): " This court has definitely said that the production or sale of food or clothing cannot be subjected to legislative regulation on the basis of a public use." And at page 278: " nothing is more clearly settled than that it is beyond the power of a state ' under the guise of protecting the public, arbitrarily [to] interfere with private business or prohibit lawful occupations or impose unreasonable and unnecessary restrictions upon them.' "

In the light of the above this court holds that the ordinance is unconstitutional and void and that plaintiff is entitled to an injunction restraining defendants from seeking to enforce the same against him.

In spite of the invalidity of the ordinance, however, this court cannot go so far as to interfere with an action or proceeding in another court where all matters in dispute may be determined or specifically where the defense of unconstitutionality or invalidity of the ordinance is available to the defendant. (See *Buffalo Gravel Corp.* v. *Moore,* 201 App. Div. 242; affd., 234 N. Y. 542; *Savage* v. *Allen,* 54 id. 458.) This is the case here. It cannot be said that as to this the plaintiff has no adequate remedy at law. The invalidity of the ordinance in question may be asserted and will be a complete defense to the action in City Court.

Order may be entered denying motion to restrain the trial in City Court but enjoining any further interference with plaintiff's business or property rights by reason of the invalid ordinance.